## 63102. WILLIAMS v. THE STATE.

DEEN, Presiding Judge.
Eddie Williams was convicted of mayhem in the Superior Court of Effingham County on April 21, 1965, following a jury trial, and sentenced to life imprisonment. This appears to be the appellant's sixth attempt to have his conviction reviewed, including two state habeas corpus proceedings (1976, 1977), a federal habeas corpus petition (1978), a federal mandamus application (1980), a petition to the Superior Court of Effingham County to allow an appeal from his conviction (1981) and the present case in which the notice of appeal appears to attempt an appeal from an order of the Juvenile Court of Effingham County dismissing a motion to procure juvenile court records.

Although the appeal from this 16-year-old conviction is untimely and incomplete, we have examined the appellant's brief and the record in the case from which we have determined (a) that

appellant is seeking an out-of-time grant of a new trial and (b) that the record utterly fails to include any matter upon which such relief might be granted.

*The appeal is accordingly dismissed with prejudice. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED JANUARY 8, 1982.

*Alan D. Tucker,* for appellant.
*J. Lane Johnston, District Attorney, Lynda W. Skelton, Assistant District Attorney,* for appellee.

CARLEY, Judge concurring specially.

I agree with the majority opinion. I wholeheartedly concur in the judgment dismissing the appeal. My only concern is with the semantics of the judgment line itself. In this connection I certainly endorse the majority's feeling that enough is enough. If it were possible for an appeal to be dismissed "with prejudice," this would be such an appeal. However I know of no authority pursuant to which an appellate court can order an appeal dismissed "with prejudice."